# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DE JUAN HODGES-LAMAR,**

      Plaintiffs,                            CIVIL ACTION NO. 11-CV-12820

VS.                                          DISTRICT JUDGE MARIANNE O. BATTANI

**OFFICER NEVIN HUGHES,**          MAGISTRATE JUDGE MONA K. MAJZOUB
**individually and in his official capacity,**
**OFFICER SEAN HARRIS, individually**
**and in his official capacity, OFFICER**
**WILLIAM LITTLE, individually**
**and in his official capacity,**

      Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RULE 26(a) INITIAL DISCLOSURES (DOCKET NO. 15)

This matter comes before the Court on Plaintiff's Motion to Compel Rule 26(a) Initial Disclosures. (Docket no. 15). Defendant Hughes filed a response. (Docket no. 21). Plaintiff filed a "Joint Statement" of Resolved and Unresolved Issues without the consent of counsel for Defendant Hughes. (Docket no. 30). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 18). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is ready to rule on the motion.

The parties were to submit their Rule 26(a)(1) disclosures by September 2, 2011. (Docket no. 12). On September 19, 2011 Plaintiff filed the instant Motion to Compel Defendant Hughes' disclosures after his attempts to secure the disclosures without court intervention failed. In his motion Plaintiff requests an order compelling Defendant Hughes to produce initial disclosures within fourteen days. Plaintiff also requests an award of costs and attorney fees necessitated by the

1

filing of the motion. On October 3, 2011 Defendant Hughes produced initial disclosures to Plaintiff. (Docket no. 21).

Federal Rule of Civil Procedure 37 states that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). "If the motion is granted - or if the disclosure ... is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Reasonable expenses should not be awarded if: (a) the moving party filed the motion without first making a good faith effort to obtain the disclosure or discovery without court intervention, (b) the party's nondisclosure was substantially justified, or (c) circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). If a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

The Court has reviewed the record and the parties' briefs and is satisfied that Defendant Hughes' one month delay in submitting his Rule 26(a) disclosures was harmless in this case. Accordingly the Court will not preclude Defendant Hughes from relying on information or witnesses identified in his initial disclosures under Rule 37(c)(1).

Plaintiff requests costs and attorney fees incurred as a result of this motion. The Court is persuaded that Plaintiff made a good faith effort to obtain the disclosures before filing this motion. Defendant Hughes has not persuaded the Court that his nondisclosure was substantially justified or that an award of costs and fees is otherwise unjust. Accordingly, the Court will grant Plaintiff's

request for attorney fees and costs associated with bringing this motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Rule 26(a) Initial Disclosures (docket no. 15) is **GRANTED IN PART** and Plaintiff's request for attorney fees and costs associated with bringing this motion is granted. Plaintiff will provide to the Court on or before May 11, 2012 his bill of costs for reasonable expenses including attorney fees incurred in bringing this motion. Defendant Hughes may file a response to Plaintiff's bill of costs on or before May 18, 2012.

**IT IS FURTHER ORDERED** that Plaintiff's request for an order compelling Defendant Hughes to provide his initial Rule 26(a) disclosures is denied as moot.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 30, 2012　　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 30, 2012　　　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　　　Case Manager

3